BROCKENBROUGH, J.,
delivered the opinion of the court. The first question is, Whether, under the circumstances of the case, the circuit court erred, in refusing to exclude the prisoner’s confession made before the justice of the peace, stated in the testimony of W. Rauck? When the confession was made before the magistrate, there were no threats or promises made. This confession, therefore, was at the time, perfectly voluntary. But it is contended by the prisoner’s counsel, that as he proved that a previous threat had been made by Aleshire, the confession made before the magistrate must be understood to have been induced by7 that threat. It is unnecessary to discuss the question, whether, when a confession has once been induced by the improper influence of a threat, or promise, all subsequent confes-sidns of the same facts ought to be excluded, because this case *does not come within such a rule. When Aleshire made the threat (admitting what he said was a threat) the prisoner did not confess, but persisted in denying his guilt, as he had done when first arrested. It was not until the expiration of two hours, nor until the money and notes were shewn to him, that he made any confession. Thus, the first confession does not appear to have been extorted from him by the threat, but rather to have been produced by the sight of the notes and money in the hands of a third person. It was, probably, the result of his own reflection on the facts, that the notes had been found in the pocket of his pantaloons, which had also been found concealed in a place to which he himself had constant access. He most probably thought it useless any longer to deny the fact, as the circumstances were now so strong against him. The court was justified in believing, that the first confession was voluntary, and a fortiori the second, which was not made till the lapse of some further-time. We are of opinion, that the evidence was properly admitted.
The second question is, in effect, whether, in every prosecution for the larceny of bank notes, it is necessary for the conviction of the prisoner, that the notes should be produced on the trial? Conceding, for the sake of argument, that, in prosecutions of this kind, the jury cannot convict, unless they are satisfied that the stolen notes are genuine, we yet deny, that the production of them is indispensable to prove that fact. Indeed, it seemed to be admitted by the prisoner’s counsel, that if they are lost or destroyed, or if the prisoner prevents the production of them, they need not be produced. If the production of them be indispensable, it is not easy to perceive, how the loss or destruction of them obviates the necessity. It is the province of the jury to judge of their genuineness, by the evidence. If they are not produced, that circumstance weakens the proof, and may put at hazard the conviction of the accused: but though it may diminish the weight of the evidence, the non-production of the notes does not destroy the competency of the *other evidence adduced ' to prove them to be of value. If they are produced, it has never been held necessary to prove by the officers of the bank, that they are genuine. If such was the law, it would be impossible to carry on prosecutions for larceny of bank notes in the various counties of the commonwealth. Resort must be had to the evidence of persons, accustomed, in the way of trade, to receive and pay them away, and the non-production of them does not prevent such evidence from being given. In this case, the witness, William Rauck, had seen and owned them: he not only believed them to be genuine, but the act of receiving and paying them away, as things of value, proved that his belief was real. The other two witnesses had seen them; and the magistrate, who re-delivered them to their owner as things of value, had also an opportunity of ascertaining whether or not they were genuine. It was competent for the commonwealth to introduce such evidence, which though not so full, yet was of the same kind as that which might have been' given, if the notes had been before them.
It is a case of frequent occurrence, in prosecutions for larceny at common law, that the jury are required to decide on the value of the article stolen: on that value depends the question, whether the offence be grand or petit larceny, and consequently the degree and kind of punishment to be inflicted; and the jury are to ascertain that *481 value. Suppose the article stolen to be flour in barrels: must the flour be brought into court, in order that the jury may judge of its value? It has never been deemed necessar37. The evidence must prove, that the person charged, feloniously took and carried away the article stolen ; and as to the value, witnesses must be called to prove it; which may be done, though it has been restored to the owner, and he has parted with the possession of it.
We are of opinion, that the non-production of the notes, furnished no reason why the court should have given the instruction that was asked for.
Writ of error denied.